JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AIMBRIDGE EMPLOYEE SERVICE CORP

### DEFENDANTS
NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, et al.,

**(b)** County of Residence of First Listed Plaintiff: **Collin**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Washington DC**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See Attached

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [x] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Article II of the Constitution; Declaratory Judgment Act

Brief description of cause:
Unconstitutional Administrative Proceedings, Injunctive Relief

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** Preliminary Injunction
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 9-16-25
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AIMBRIDGE EMPLOYEE SERVICE CORP.<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, WILLIAM B. COWEN, in his official capacity as Acting General Counsel of the National Labor Relations Board, DAVID M. PROUTY, in his official capacity as a Member of the National Labor Relations Board, and LAUREN ESPOSITO, in her official capacity as Administrative Law Judge of the National Labor Relations Board,<br><br>Defendants. | Civil Action No. _____ |

**ATTACHMENT TO CIVIL COVER SHEET**

I. **PLAINTIFFS**
   **C). Lynn Pinker Hurst & Schwegmann**
   2100 Ross Ave, STE 2700
   Dallas, TX 75201
   **Jonathan R. Childers**
   State Bar No. 24050411
   **Andy Kim**
   State Bar No. 24136638

   **Ballard Rosenberg Golper & Savitt LLP**
   18067 W. Catawba Avenue, Suite 201
   Cornelius, NC 28031
   **Matthew T. Wakefield**
   (*pro hac vice* forthcoming)
   **David N. Lyon**
   (*pro hac vice* forthcoming)

**DEFENDANTS**

a. NATIONAL LABOR RELATIONS BOARD, a federal administrative agency
b. WILLIAM B. COWEN, in his official capacity as Acting General Counsel of the National Labor Relations Board
c. DAVID M. PROUTY, in his official capacity as a Member of the National Labor Relations Board
d. LAUREN ESPOSITO, in her official capacity as Administrative Law Judge of the National Labor Relations Board

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AIMBRIDGE EMPLOYEE SERVICE CORP.<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, WILLIAM B. COWEN, in his official capacity as Acting General Counsel of the National Labor Relations Board, DAVID M. PROUTY, in his official capacity as a Member of the National Labor Relations Board, and LAUREN ESPOSITO, in her official capacity as Administrative Law Judge of the National Labor Relations Board,<br><br>Defendants. | Civil Action No. _____ |

**AIMBRIDGE'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Aimbridge Employee Service Corp. ("Aimbridge"), a Texas corporation, brings this action for declaratory and injunctive relief against Defendants National Labor Relations Board ("NLRB"), NLRB Acting General Counsel William B. Cowen ("Cowen"), NLRB Member David M. Prouty ("Prouty"), and NLRB Administrative Law Judge Lauren Esposito ("Esposito") (collectively, "Defendants"), showing as follows:

**SUMMARY OF CLAIMS**

1. Aimbridge brings this suit for declaratory and injunctive relief against Defendants who seek to force Aimbridge to participate in an unconstitutional administrative proceeding, scheduled to ***commence on October 20, 2025***, in NLRB cases 03-CA-352299, 03-CA-353044, 03-

1

CA-354248. Specifically, the NLRB seeks to subject Aimbridge to an unfair labor practice proceeding, in which an Administrative Law Judge ("ALJ") would determine whether Aimbridge committed unfair labor practices under the National Labor Relations Act (the "NLRA") and whether to issue a remedial bargaining order and other remedies. The ALJ's decision would be subject to further review by NLRB Members.

2. On August 19, 2025, the United States Court of Appeals for the Fifth Circuit issued its decision in *Space Exploration* holding that the statutory removal protections for NLRB ALJs and NLRB Members are likely unconstitutional and that "forcing the Employers to appear before an unconstitutionally structured agency inflicts irreparable harm." *Space Expl. Techs. Corp. v. NLRB*, No. 50627, __ F.4th __, 2025 WL 2396748, at *9-12 (5th Cir. Aug. 19, 2025). In so finding, the Fifth Circuit upheld preliminary injunctions issued by three Texas district courts enjoining the NLRB from pursuing unfair labor practice complaints against plaintiff employers. 2025 WL 2396748, at *2.

3. This Court, consistent the Fifth Circuit's recent decision in *Space Exploration*, should likewise enjoin the NLRB's upcoming consolidated proceeding against Aimbridge. Aimbridge is similarly situated in all relevant respects to the three plaintiff employers whose preliminary injunctions were upheld in *Space Exploration*. Aimbridge is entitled to the same relief.

4. A preliminary injunction halting the October 20, 2025 administrative proceeding is necessary to prevent Aimbridge from being forced to appear before an unconstitutionally structured agency, after which Aimbridge is unlikely to have a chance to secure meaningful retrospective relief. As explained in *Space Exploration*, "once an unconstitutional proceeding begins, the damage is done. That is the essence of irreparability." *Space Exploration*, 2025 WL 2396748, at *13.

5. Additionally, this court should declare that the NLRB's structure violates the separation of powers under Article II of the Constitution and permanently enjoin the NLRB and its General Counsel from pursuing unfair labor practice complaints against Aimbridge before agency officials that are unconstitutionally insulated from presidential oversight.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 over Aimbridge's claims that fundamental aspects of the NLRB's structure violate the Constitution. *See Axon Enter., Inc. v. FTC*, 143 S. Ct. 890, 900 (2023) (holding statutory review schemes do not displace district court's federal question jurisdiction to adjudicate corporation's constitutional challenge to administrative agency); *Space Exploration*, 2025 WL 2396748, at *6 (finding that district courts have jurisdiction to enjoin NLRB proceedings). This dispute exists between Aimbridge and the NLRB. Aimbridge prospectively challenges the NLRB's authority to proceed with the consolidated hearing at all and contests the NLRB's very power to act.

7. The Court has authority to grant declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and the Court's inherent equitable powers.

8. Venue is proper in this district under 28 U.S.C. § 1391(e)(1)(C). Defendants are officers of an agency of the United States acting in their official capacity. Plaintiff Aimbridge is incorporated in the state of Texas and is headquartered and maintains its principal place of business in Plano, Texas. This case does not involve real property. Venue is also proper in this Division because Plaintiff resides here. *See* 28 U.S.C. § 124(c)(3).

9. "For all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, . . .

3

if a plaintiff, only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2).

## PARTIES

10. Plaintiff Aimbridge Employee Service Corp. ("Aimbridge") is a Texas corporation, with its corporate headquarters and maintaining its principal place of business at 5301 Headquarters Drive, Plano, Texas 75024. Aimbridge is the employer/respondent in the NLRB consolidated cases.

11. Defendant NLRB is an administrative agency of the United States, headquartered in Washington, D.C. The NLRA empowers the NLRB, *inter alia*, to initiate administrative proceedings to prevent unfair labor practices. 29 U.S.C. § 160(a). The NRLB may be served by serving the United States Attorney for the Eastern District of Texas, Jay R. Combs, c/o Civil Process Clerk, U.S. Attorney's Office, 600 East Taylor Street, Suite 2000, Sherman, Texas 75090.

12. Defendant William B. Cowen ("Cowen") is Acting General Counsel of the NLRB. He is sued in his official capacity. Cowen may be served at 1015 Half Street SE, Washington, D.C. 20570, or wherever he may be found.

13. Defendant David M. Prouty ("Prouty") is a Member of the NLRB. He is sued in his official capacity. Prouty may be served at 1015 Half Street SE, Washington, D.C. 20570, or wherever he may be found.

14. Defendant Lauren Esposito is an ALJ of the NLRB who has been assigned to preside over the consolidated NLRB proceedings against Aimbridge. She is sued in her official capacity. Esposito may be served at 1015 Half Street SE, Washington, D.C. 20570, or wherever she may be found.

## FACTUAL AND PROCEDURAL BACKGROUND

15. Aimbridge provides workforce services, including serving as the employer for hotels and resorts. Aimbridge is the employer at the Hyatt Regency Buffalo / Hotel and Conference Center in Buffalo, New York (the "Hotel").

16. On September 3, 2024, the Rochester Regional Joint Board, Workers United (the "Union") filed a petition with the NLRB in case 03-RC-349485, seeking to represent certain Aimbridge employees at the Hotel.

17. The Union's petitioned-for unit of employees was fictional because the petitioned-for employees were not readily identifiable and readily distinguishable, as is required by Board law. Rather, the petitioned-for unit is based on the extent of the Union's organizing efforts, which is prohibited by Section 9(c)(5) of the NLRA.

18. On September 17, 18, and 19, 2024, an NLRB hearing officer conducted a virtual evidentiary hearing to receive evidence on the issue of whether the petitioned-for unit of employees was an appropriate voting unit.

19. On October 9, 2024, the Union filed the first in a series of unfair labor practice charges with the NLRB in case 03-CA-352299, alleging that Aimbridge engaged in various unfair labor practices under the NLRA.

20. Meanwhile, on October 18, 2024, the Regional Director for NLRB Region 3 issued a Decision and Direction of Election in NLRB case 03-RC-349485. The Regional Director determined that the Union's petitioned-for unit was not appropriate and that additional employees must be added to the voting unit. The Regional Director ordered an election to take place on November 8, 2024.

21. On October 21, 2024, the Union filed a second unfair labor practice charge with the NLRB in case 03-CA-353044, alleging that Aimbridge engaged in additional unfair labor practices.

22. On November 6, 2024, the Union withdrew the petition, and the election was cancelled.

23. Also on November 6, 2024, the Union filed a third unfair labor practice charge with the NLRB in case 03-CA-354248, requesting that the NLRB issue an order under *NLRB v. Gissel Packing Co., Inc.*, 395 U.S. 575 (1969), to force Aimbridge to bargain with the Union without allowing the employees to vote.

24. On June 16, 2025, the Regional Director issued a complaint against Aimbridge, an order consolidating cases 03-CA-352299, 03-CA-353044, and 03-CA-354248, and a notice of hearing before an ALJ on the consolidated cases to commence on October 20, 2025.

25. Recently, on August 19, 2025, the United States Court of Appeals for the Fifth Circuit issued its decision in *Space Exploration*, affirming preliminary injunctions issued by three United States District Courts in Texas that halted ongoing unfair labor practice cases pending before the NLRB.

26. Thereafter, Aimbridge immediately began preparing this litigation to avoid the irreparable harm that would result from having to appear before the NLRB's unconstitutional proceeding.

27. On September 15, 2025, Aimbridge received notice that Esposito is the ALJ appointed to hear and decide the consolidated cases. No significant work has yet been done in preparation for the hearing and no subpoenas have been issued.

# CAUSES OF ACTION[1]

**COUNT 1:   DECLARATION THAT THE NLRB'S ALJS ARE UNCONSTITUTIONALLY INSULATED FROM REMOVAL**

28.   Aimbridge incorporates by reference the paragraphs above and below.

29.   Article II of the Constitution vests all executive power in the President, "who must 'take Care that the Laws be faithfully executed.'" *Seila L. LLC v. CFPB*, 140 S. Ct. 2183, 2191 (2020) (quoting U.S. Const., Art. II, § 1, cl. 1; *id.*, § 3).

30.   "Accordingly, because the executive power remains solely vested in the President, those who exercise it on his behalf must remain subject to his oversight." *Space Exploration*, 2025 WL 2396748, at *8.

31.   Thus, the President must have the power to remove subordinate officers who assist in carrying out the President's duties. *Free Enter. Fund v. Public Co. Acct. Oversight Bd.*, 561 U.S. 477, 513-14 (2010).

32.   NLRB ALJs are inferior officers of an executive agency. *See* U.S. Const. Art. II, § 2; *Space Exploration*, 2025 WL 2396748, at *9; *WestRock Servs., Inc.*, 366 N.L.R.B. No. 157, slip op. at 1 (2018) ("Board judges, like SEC judges, are inferior officers").

33.   While the NLRB appoints ALJs, ALJs may only be removed "for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the [Merit Systems Protection] Board." 5 U.S.C. § 7521(a).

34.   Members of the Merit Systems Protection Board are, in turn, removable only for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d).

---

[1] Aimbridge will file its Application for Preliminary Injunction on an instrument separate from its Complaint, per Local Rule CV-65.

7

35. Given NLRB ALJs' status as "officers" of an executive agency, "they are sufficiently important to executing the laws that the Constitution requires that the President be able to exercise authority over their functions." *Jarkesy v. SEC*, 34 F.4th 446, 464 (5th Cir. 2022), *aff'd* 603 U.S. 109 (2024).

36. "If principal officers cannot intervene in their inferior officers' actions except in rare cases, the President lacks the control necessary to ensure that the laws are faithfully executed." *Jarkesy,* 34 F.4th at 464.

37. Because ALJs can only be removed "for good cause…after opportunity for hearing," and the Merit Systems Protections Board Members who may remove ALJs are themselves removable by the President only for "inefficiency, neglect of duty, or malfeasance in office," ALJs are insulated from removal by at least two layers of for-cause removal protections. *See* 5 U.S.C. § 7521(a) and 5 U.S.C. § 1202(d); *Space Exploration*, 2025 WL 2396748, at *9 (finding that analysis in *Jarkesy* regarding Securities and Exchange Commission ALJs applies equally to NLRB ALJs "whose powers, if anything, are more robust").

38. As the Supreme Court has held, "the added layer of tenure protection makes a difference." *Free Enter. Fund*, 561 U.S. at 495. "A second level of tenure protection changes the nature of the President's review…That arrangement is contrary to Article II's vesting of the executive power in the President." *Id*. at 496.

39. The statutes' provision of at least two layers of removal protection prevents that exercise of presidential authority and thus violates Article II of the Constitution. *See Free Enter. Fund*, 561 U.S. at 492-508; *Jarkesy*, 34 F.4th at 463-65.

8

40. Thus, "[b]ecause NLRB ALJs are inferior officers insulated by two layers of for-cause protection, the removal restrictions are unconstitutional." *Space Exploration*, 2025 WL 2396748, at *9.

41. Being subject to unconstitutional agency authority, including proceedings before unconstitutionally insulated agency officials, qualifies as a "here-and-now injury." *Axon Enter.*, 143 S. Ct. at 903 (citation omitted); *see also Cochran v. SEC*, 20 F.4th 194, 210 n.16, 212-13 (5th Cir. 2021) (en banc), *aff'd and remanded sub nom. Axon Enter.*, 143 S. Ct. 890 (2023).

42. "[F]orcing [an employer] to appear before an unconstitutionally structured agency inflicts irreparable harm" because "once an unconstitutional proceeding begins, the damage is done." *Space Exploration*, 2025 WL 2396748, *13.

43. "No further showing—such as how the outcome might differ under a valid structure—is required. Waiting until the end would be no remedy at all." *Id.*

44. Aimbridge is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Aimbridge is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

45. If the NLRB is not enjoined from proceeding against Aimbridge in the pending unfair labor practice hearing, Aimbridge will be irreparably harmed because it will have endured a proceeding led by officers who are unconstitutionally insulated from removal by the President.

46. Additionally, if the NLRB proceeding is allowed to go forward, Aimbridge will lose its right not to undergo a constitutional proceeding, an "injury…impossible to remedy once the proceeding is over," and "judicial review of [its] structural constitutional claims would thus come too late to be meaningful." *Axon Enterp.*, 598 U.S. at 191.

47. The harm to Aimbridge, in the event declaratory and injunctive relief is not granted, far outweighs any harm or mere inconvenience to the NLRB if such relief is granted.

48. The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting Americans' constitutional rights.

49. Moreover, Aimbridge is similarly situated in all relevant ways to the other plaintiff employers in the Fifth Circuit who secured the preliminary injunctions that were recently upheld in *Space Exploration*.

50. Aimbridge is entitled to the same injunctive relief provided to the other Texas employers that have been granted injunctive relief under *Space Exploration. See e.g.*, *Hudson Inst. of Process Rsch. Inc. v. NLRB*, 2025 WL 2431645, at *3 (granting plaintiff employer's preliminary injunction following the Fifth Circuit's *Space Exploration* decision).

## COUNT II: DECLARATION THAT NLRB'S MEMBERS ARE UNCONSTITUTIONALLY INSULATED FROM REMOVAL

51. Aimbridge incorporates by reference the paragraphs above and below.

52. The President may only remove NLRB Members "upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause." 29 U.S.C. § 153(a).

53. Yet the NLRB Members "wield substantial executive power" in administering and enforcing the provisions of the NLRA. *Space Exploration*, 2025 WL 2396748, at *10 (internal quotation marks omitted).

54. NLRB Members "determine bargaining units, direct representation elections, adjudicate unfair-labor-practice charges, and seek enforcement of their orders in federal court. They also appoint inferior officers, including the executive secretary, attorneys, regional directors, and ALJs. And the NLRA empowers the Board to petition federal district courts for injunctive relief against alleged unfair labor practices. In short, NLRB Members execute the NLRA through

administrative, policymaking, and prosecutorial authority." *Id.* (internal citations and quotation marks omitted).

54. The Supreme Court has made clear that even when "the activities of administrative agencies take legislative and judicial forms, they are exercises of—indeed, under our constitutional structure they must be exercises of—the executive Power." *Seila Law LLC*, 591 U.S. at 197 n.2 (cleaned up).

56. The removal protections for NLRB Members are unusually strict. In contrast to more common provisions that permit removal "for inefficiency, neglect of duty, or malfeasance in office," *Humphrey's Executor v. United States*, 295 U.S. 602, 620 (1935) (quoting 15 U.S.C. § 41), the NLRA permits removal only "for neglect of duty or malfeasance in office," and it explicitly prohibits removal for any other cause, like inefficiency, 29 U.S.C. § 153(a).

57. Moreover, unlike other federal agencies, the NLRB has a distinctive structure that divides agency authority between its Members and its General Counsel, who is a politically accountable official responsible for deciding which cases to bring before the NLRB Members. *See* 29 U.S.C. § 153(d); *Exela Enter. Sols., Inc. v. NLRB*, 32 F.4th 436, 441 (5th Cir. 2022); *NLRB v. United Food & Com. Workers Union, Loc. 23*, 484 U.S. 112, 128-29 (1987).

58. This combination of the NLRB's unique structure, the NLRB Members' especially strict removal protections, and their exercise of substantial executive power violates Article II of the Constitution.

59. But for these unlawful removal restrictions, NLRB Members would be subject to removal by the President, including those based on their conduct during the proceedings against Aimbridge.

60. Being subject to unconstitutional agency authority, including proceedings before unconstitutionally insulated agency officials, qualifies as a "here-and-now injury." *Axon Enter.*, 143 S. Ct. at 903 (citation omitted); *see also Cochran*, 20 F.4th at 210 n.16, 212-13 (5th Cir. 2021).

61. "[F]orcing [an employer] to appear before an unconstitutionally structured agency inflicts irreparable harm" because "once an unconstitutional proceeding begins, the damage is done." *Space Exploration*, 2025 WL 2396748, *13.

62. "No further showing—such as how the outcome might differ under a valid structure—is required. Waiting until the end would be no remedy at all." *Id.*

63. Aimbridge is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Aimbridge is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

64. If the NLRB is not enjoined from proceeding against Aimbridge in the pending unfair labor practice hearing, Aimbridge will be irreparably harmed because it will have endured a proceeding led by officers who are unconstitutionally insulated from removal by the President.

65. Additionally, if the NLRB proceeding is allowed to go forward, Aimbridge will lose its right not to undergo an unconstitutional proceeding, an "injury…impossible to remedy once the proceeding is over," and "judicial review of [its] structural constitutional claims would thus come too late to be meaningful." *Axon Enterp.*, 598 U.S. at 191.

66. The harm to Aimbridge, in the event declaratory and injunctive relief is not granted far outweighs any harm or mere inconvenience to the NLRB if such relief is granted.

67. The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting Americans' constitutional rights.

68. Moreover, Aimbridge is similarly situated in all relevant ways to the other plaintiff employers in the Fifth Circuit who secured the preliminary injunctions that were upheld in *Space Exploration*.

69. Aimbridge is entitled to the same injunctive relief provided to the other Texas employers that have been granted injunctive relief under *Space Exploration*. *See e.g.*, *Hudson Inst. of Process Rsch. Inc.*, 2025 WL 2431645, at *3 (granting plaintiff employer's preliminary injunction following the Fifth Circuit's *Space Exploration* decision).

## **PRAYER FOR RELIEF**

Aimbridge respectfully requests the Court to order the following relief and enter judgment:

1. Declaring that:

    a. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB ALJs, including 5 U.S.C. § 7521(a), are unconstitutional; and

    b. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB Members, including 29 U.S.C. § 153(a), are unconstitutional.

2. A preliminary injunction preliminarily enjoining Defendants from subjecting Aimbridge to unconstitutionally structured administrative proceedings, which are scheduled to commence October 20, 2025, pending the final resolution of this action;

3. A permanent injunction permanently enjoining Defendants from implementing or carrying out the unconstitutional removal-protection provisions identified above;

4. Awarding Aimbridge its costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney's fees; and

5. Awarding such other and further relief, whether at law and/or in equity, to which Aimbridge is justly entitled.

Date: September 16, 2025

Respectfully submitted,

By: /s/ Jonathan R. Childers

Matthew T. Wakefield (*pro hac vice* forthcoming)
David N. Lyon (*pro hac vice* forthcoming)
**BALLARD ROSENBERG GOLPER & SAVITT LLP**
18067 W. Catawba Avenue, Suite 201
Cornelius, NC 28031
(mwakefield@brgslaw.com)
Telephone: 704-765-1409

**ATTORNEYS FOR AIMBRIDGE EMPLOYEE SERVICE CORP.**

**LYNN PINKER HURST & SCHWEGMANN, LLP**
Jonathan R. Childers
 State Bar No. 24050411
 jchilders@lynnllp.com
Andy Kim
 State Bar No. 24136638
 akim@lynnllp.com

2100 Ross Ave., Suite 2700
Dallas, Texas 75201
Tel: (214) 981-3810
Fax: (214) 981-3839

14